UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALDINE RICIGLIANO,

        Plaintiff,

vs.                                        Case No.   2:04-cv-422-FtM-29DNF

RITZ-CARLTON HOTEL COMPANY, LLC,
MARRIOTT INTERNATIONAL, INC.,

        Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration (Doc. #17), filed on February 18, 2005.  On April 15, 2005, the Court directed plaintiff to file a Response (Doc. #21) within ten days.  On April 29, 2005, plaintiff filed a Response (Doc. #22).[1]  Defendants seek to dismiss the complaint for failure to arbitrate her claim in accordance with the Employee Agreement, or to stay the case and compel arbitration.

**I.**

The one-count Complaint (Doc. #1) alleges retaliation in violation of Title VII of the Civil Rights Act.  Plaintiff was employed as a hostess/server by defendants.  (Doc. #1, ¶ 5).  As early as May 2003, plaintiff expressed opposition to the alleged

---

[1] A corrected version was filed on May 2, 2005, to reflect counsel's signature.

discriminatory treatment of a co-worker. (Id. at ¶ 7). In or about January 2004, plaintiff alleges that she began to experience adverse employment actions, including "unwarranted and unprecedented threats" of disciplinary action, false charges, reduced hours, and removal from shifts. (Id. at ¶ 8). Plaintiff states that she was forced to resign as a result of the conduct after 11 years of employment. (Id. at ¶¶ 9-10). Plaintiff "filed a charge of discrimination" (Id. at ¶ 3), and obtained a Notice of Right to Sue letter from the Equal Employment Opportunity Commission on May 19, 2004. (Id. at ¶ 3).

It is undisputed that defendant signed an Employment Agreement containing an arbitration provision providing as follows:

> I shall request Arbitration if *I have been terminated or feel I have been discriminated against.* . . .
>
> I agree that I will not file a lawsuit or administrative action without first using, and then exhausting, each step in the Open Appeal and Issue Resolution Process. In return, The Ritz-Carlton, Naples agrees to waive all statutes of limitation and any other time-conditional filing requirements, for the period of time during which I pursue the Open Appeal and Issue Resolution Process.

(Doc. #17, Declaration of Karen Hooper, p. 12)(emphasis added). It is also undisputed that plaintiff never participated in an arbitration process.

Arbitration agreements in the context of employment contracts are enforceable. Circuit City Stores, Inc. v. Adams, 532 U.S. 1105, 123 (2001). Indeed, there is a "strong federal preference for arbitration of disputes," which should be enforced where

-2-

possible. <u>Musnick v. King Motor Co. of Ft. Lauderdale</u>, 325 F.3d 1255, 1258 (11th Cir. 2003). Additionally, the Federal Arbitration Act allows parties to agree to the arbitration of certain claims but to exclude others from the scope of the arbitration agreement. <u>American Express Fin. Advisors, Inc. v. Makarewicz</u>, 122 F.3d 936, 940 (11th Cir. 1997), <u>cert. denied</u>, 523 U.S. 1022 (1998). Despite the liberal federal policy favoring arbitration, nothing in the Federal Arbitration Act authorizes a court to compel arbitration if there is no agreement to arbitrate. <u>E.E.O.C. v. Waffle House, Inc.</u>, 534 U.S. 279, 289, 293 (2002).

Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. . . . Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985). When deciding whether the parties have agreed to arbitrate certain matters, the court applies ordinary state-law principles that govern the formation of contracts. <u>Makarewicz</u>, 122 F. 3d 936 at 940. "[A]ny doubt concerning the scope of the arbitration clause should be resolved in favor of arbitration." <u>Hirshenson v. Spaccio</u>, 800 So. 2d 670, 674 (Fla. 5th DCA 2001). Statutory claims, including the Title VII claim alleged in the Complaint, may be arbitrated. <u>Brown v. ITT Consumer Fin. Corp.</u>, 211 F.3d 1217, 1221-

22 (11th Cir. 2000); Randolph v. Green Tree Fin. Corp. Ala., 244 F.3d 814, 815-16 (11th Cir. 2001); Hirshenson v. Spaccio, 800 So. 2d at 675.

Plaintiff argues that the arbitration provision does not cover the dispute alleged in her Complaint. Plaintiff rather disingenuously quotes the arbitration provision using ". . ." to delete the "if I have been terminated" portion of the sentence. The Court concludes that the dispute plaintiff alleges in the Complaint involves both termination and discrimination. Plaintiff alleges that she was forced to resign by the behavior of her employer. This is the classic formulation of constructive discharge,[2] and comes within the termination portion of the arbitration clause. Additionally, while plaintiff now attempts to distinguish between a Title VII retaliation claim and a Title VII discrimination claim, in her Complaint she stated that she had "filed a charge of discrimination" with the EEOC for this conduct.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss or, in the Alternative, to Stay and to Compel Arbitration (Doc. #17) is **DENIED** as to the

---

[2]"A constructive discharge occurs when a discriminatory employer imposes working conditions that are 'so intolerable that a reasonable person in [the employee's] position would have been compelled to resign.'" Fitz v. Pugmire Lincoln-Mercury, Inc., 348 F.3d 974, 977 (11th Cir. 2003). See also Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1201 (11th Cir. 2001).

request for dismissal in the absence of any Eleventh Circuit law, and is **GRANTED** as to the stay pursuant to 9 U.S.C. § 3.

2. The case is hereby **stayed** pending notification by the parties that plaintiff has exhausted arbitration and the stay is due to be lifted or the case is due to be dismissed. The Clerk shall terminate all deadlines and motions, and administratively close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of record
DCCD